GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the district court’s ruling that plaintiff Eric White failed to sustain his burden of demonstrating pretext in defendant Duke Energy’s legitimate, nondiscriminatory reason for terminating White’s employment. The undisputed facts are that White, as a member of management, not only failed to report a fight between two employees that resulted in one of the employees being *451 injured, but that he also withheld information about the altercation from interviewers during the initial stages of the investigation. Because White can neither point to any similarly situated comparators who were treated differently for engaging in the same behavior, nor establish pretext because he has provided no evidence of discriminatory animus and admits to the violations of company policies that led to his termination, his circumstantial claim alleging race discrimination under Title VII fails as a matter of law.
Under the McDonnell Douglas burden-shifting framework, White may demonstrate pretext by showing that Duke Energy’s proffered reason (1) has no basis in fact, (2) did not actually motivate his discharge, or (3) was insufficient to warrant the challenged conduct. Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 915 (6th Cir.2013). “Regardless of which option is used, the plaintiff retains the ultimate burden of producing sufficient evidence from which the jury could reasonably reject [the defendant’s] explanation and infer that the defendant! ] intentionally discriminated against him.” Johnson v. Kroger Co., 319 F.3d 858, 866 (6th Cir.2003) (citation and internal quotation marks omitted). “[A] reason cannot ... be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason.” Seeger v. Cincinnati Bell Telephone Co., LLC, 681 F.3d 274, 285 (6th Cir.2012) (emphases and quotation marks omitted).
Here, White asserts that Duke Energy’s proffered reason was insufficient to justify his termination. This method usually “ ‘consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff.’ ” Johnson, 319 F.3d at 866 (quoting Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir.1994)). In other words, White must establish that he was treated less favorably than similarly-situated, non-protected employees. Manzer, 29 F.3d at 1084.
Our court has explained that the plaintiff and a comparable employee must be similar in all of the relevant aspects in order to be similarly situated. Johnson, 319 F.3d at 867. “In the disciplinary context, we have held that to be found similarly situated, the plaintiff and his proposed comparator must have engaged in acts of comparable seriousness.” Wright v. Murray Guard, Inc., 455 F.3d 702, 710 (6th Cir.2006) (emphases and citation omitted); see also Martinez, 703 F.3d at 916-17. Relevant factors for comparison purposes include the employees’ conduct, employment standards, and whether the employees have dealt with the same supervisor. Wright, 455 F.3d at 710. “Differences in job title and responsibilities, experience, and disciplinary history may establish that two employees are not similarly situated.” Rutherford v. Britthaven, Inc., 452 Fed.Appx. 667, 672 (6th Cir.2011) (citation omitted). “District courts are to make independent determination[s] as to the relevancy of a particular aspect of the plaintiffs employment status and that of the non-protected employee.” Khamati v. Sec’y of Dep’t of the Treasury, 557 Fed.Appx. 434, 439 (6th Cir.2014) (citation and internal quotation marks omitted).
In the present case, the district court determined that the proper comparators were other management employees and held that “[pjlaintiff has proffered no evidence of other management employees who were not fired but who failed to report a fight.” The majority concludes that the district court’s finding “is essentially correct” because “White has conceded that he *452 is a management employee, and the only management employee that White proffered as a similarly situated employee was [Bill] Hyland, the Maintenance Supervisory” whose “conduct was not substantially similar to White’s actions.” Nonetheless, the majority holds that the district court’s grant of summary judgment to Duke Energy was erroneous at this stage of the proceedings because “the relevance of White’s status as management appears to be a contested material fact” and White has successfully offered one non-management employee — Duane Doyle — as a suitable comparator. I disagree.
White’s management position is clearly relevant to the disciplinary action taken in this case. White testified at his deposition that as a member of management, he was responsible for understanding Duke Energy’s rules of conduct and disciplinary policies and enforcing them, including reporting harassment, safety threats or incidents, and violence. Significantly, he admitted that he failed to report the altercation between Duty and Doyle and, further, that he initially withheld information during the investigation, thus providing a legitimate, nondiscriminatory ground for his termination.
Moreover, White was not similarly situated to Doyle in all relevant respects. White was an at-will management employee and reported to George Dilz. White is not comparable to Doyle, who was a member of the union covered by a collective bargaining agreement, did not report to the same supervisor as White, did not undergo the same management training, or share the same management responsibilities as White.' The district court aptly observed that “[p]laintiff was a manager, and his role in enforcing workplace rules was key.” As noted above, White himself acknowledged that as a manager, he should have — but did not — carry out his managerial duties to report the altercation.
The significance of management status has been recognized by our court in several cases in which we have held that supervisory and non-supervisory personnel are not similarly situated. See Martinez, 703 F.3d at 917 (holding that store manager was not similarly situated to its assistant manager for purposes of assessing manager’s claim that her termination for making inappropriate racial comments constituted reverse discrimination); Rutherford, 452 Fed.Appx. at 672 (“[B]eeause [the non-supervisory employees] are not similarly situated to Rutherford [the supervisor-plaintiff], the fact that they were not terminated does not demonstrate pretext.”); Quinn-Hunt v. Bennett Enters., Inc., 211 Fed.Appx. 452, 459 (6th Cir.2006) (“Stick-ley is a supervisory employee, and Quinn-Hunt is not.... This weighs against a finding that they are similarly situated.”); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir.1994) (“Pierce [the plaintiff] and Kennedy [the comparator] were not similarly situated. Unlike Ms. Kennedy, Pierce was a member of management, having ... responsibility for maintaining a respectful, respectable, and decorous office. Thus, defendant had reason to treat Pierce differently than his subordinates, in requiring a larger measure of sensitivity and decorum.”).
Likewise, Duke Energy had good reason to expect that White, as a manager, had greater responsibilities than Doyle to enforce the code of conduct at the facility: “[White’s] role as a manager ... could reasonably justify holding [him] to a more stringent standard of conduct than that applied to [Doyle].” Martinez, 703 F.3d at 917; see also Pierce, 40 F.3d at 805 (“[T]he evidence shows that Pierce was transferred for only one reason: he admitted to participating in actions which were not *453 only inappropriate for him as a manager, ■but which violated [the employer’s] sexual harassment policy”). Accordingly, because Doyle was not similarly situated to White, the fact that he was not terminated does not demonstrate pretext.
Although White argues that Duty and Doyle also failed to report their fight to management, this is not supported by the record — they both told White, who was a manager. The fact that they told White about the fight, that White failed to do anything about it, and that White lied to the investigatory committee is exactly what led to White’s termination.
In sum, because the district court properly held that White failed to demonstrate that the reason for termination was pre-textual, I would affirm the summary judgment granted in favor of Duke Energy.